824 F.2d 980
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eugenie J. HUGER, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 Appeal No. 87-1125.
 United States Court of Appeals, Federal Circuit.
 June 16, 1987.
 
 Before MARKEY, Chief Judge, and COWEN and BALDWIN, Senior Circuit Judges.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 The order of United States Claims Court, No. 586-85L (Nov. 6, 1986), dismissing Eugenie J. Huger's complaint in light of a motion of the United States for summary judgment on the ground that the action of the government did not constitute a taking of private property, is affirmed.
 
 OPINION
 
 2
 Huger proffered no evidence tending to establish that she had any distinct investment-backed expectation with which the government interfered. See Penn Central Transportation Co. v. New York City, 438 U.S. 104, 124 (1978). Huger's allegation that the government has paralyzed her ability to sell or develop the subject tract (Tract 23(c)) is without support in the record. Indeed, Huger concedes that she did not attempt to sell or develop Tract 23(c) at any time during the negotiation period with the government. Moreover, Huger submitted nothing tending to establish that she attempted to make any use whatever of the land during that period. Huger's allegation that any attempt to develop or sell the land during the negotiation period would have been "futile" is also without support in the record.
 
 
 3
 Huger's argument that the government improperly hung a "cloud of condemnation" over Tract 23(c) during the long period of unsuccessful negotiations is without merit. Huger has not alleged that the government negotiated at any time in less than good faith. Now that the government has initiated formal condemnation proceedings in the district court, Huger will be awarded just compensation.
 
 
 4
 The evidence submitted by Huger merely suggests that the government's action may have lessened the market value of the tract,
 
 
 5
 but impairment of the market value of real property incident to otherwise legitimate government action ordinarily does not result in a taking. At least in the absence of an interference with an owner's legal right to dispose of his land, even a substantial reduction of the attractiveness of the property to potential purchaser's does not entitle the owner to compensation under the Fifth Amendment.
 
 
 6
 Kirbey Forest Industries, Inc. v. United States, 467 U.S. 1, 15 (1984) (citations and footnote omitted).
 
 
 7
 The Claims Court correctly applied the appropriate standards in granting the government's motion for summary judgment. See Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505 (1986). Indeed, at oral argument before this court, Huger was unable to identify anything in the record establishing a genuine issue of material fact requiring a trial. Huger has shown no error in the Claims Court determination that the "accumulation of events recited by [Huger] do not show the type of interference with [Huger's] right to possess, use, or convey Tract 23(c) that would amount to a taking." Accordingly, the judgment appealed from is affirmed.